NAKAJIMA ALL CO., LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT, SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISION, SCM CORPORATION, INTERVENOR

Court No. 80-6-00933

Before NEWMAN, *Judge.*

(Dated March 12, 1982)

*Cabinet Hays,* Esqs. (*Alan S. Hays,* Esq., of counsel) and *Paul, Weiss, Rifkind, Wharton & Garrison,* Esqs. (*Harriet L. Goldberg,* Esq., of counsel) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis,* Esq., for the defendant.
*Eugene L. Stewart* and *Terence P. Stewart,* Esqs., for the intervenor.

NEWMAN, *Judge:* In this action brought under section 516A of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a), plaintiff challenges the Government's antidumping duty determinations concerning portable electric typewriters manufactured by Nakajima All in Japan.

Before me for determination is plaintiff's motion for access to certain confidential documents filed with the Court by the International Trade Commission ("ITC") as part of the Commission's administrative record. Significantly, the very documents now sought by plaintiff were the subject of intervenor SCM's motion for access, which was granted by this Court on October 26, 1981. 2 CIT 170, Slip Op. 81-95 (1981). Inasmuch as the documents now sought by plaintiff were previously disclosed to SCM pursuant to my order of October 26, 1981, defendant understandably has now declined to oppose their disclosure to plaintiff, and has instead deferred to the discretion of the Court. SCM, however, objects to plaintiff's motion on the ground that the documents sought by plaintiff are irrelevant, notwithstanding that SCM's prior motion for disclosure of the documents was granted.

I am unable to agree with SCM's objection which is predicated on the ground that the documents are irrelevant because only the fair value determination of the Department of Commerce is in issue.

Plaintiff's complaint (paragraph 2(b)) specifically challenges the final determination of material injury made by the International Trade Commission in Investigation No. 731–TA–12 (Final), published in the Federal Register on May 7, 1980 (45 FR 30186), and alleges, *inter alia*, that "notice was given to all interested parties who were parties to the proceedings before the Commerce Department *and the USITC"* .(emphasis added). Additionally, the complaint (paragraph 6) alleges that the "determinations of the Commerce Department *and the USITC contested herein* are not supported by substantial evidence and and are not in accordance with law" (emphasis added); and again in its "Statement of Claim" plaintiff asserts that the determination of material injury by the ITC is not supported by substantial evidence and is otherwise not in accordance with law. Finally, plaintiff's "Demand for Judgment and Relief" asks, *inter alia*, that this Court hold "the determination by the USITC that sales by plaintiff at less than fair value materially injured a domestic industry was not supported by substantial evidence and was otherwise not in accordance with law," and requests that this Court *vacate the Final Determination of Material Injury made by the USITC*. Clearly, then, the complaint filed in this action has challenged the action of the ITC,. as well as that of the Department of Commerce.

Although plaintiff concededly does not seek "full" review in this Court of the injury determination made by the ITC, there has as yet· been no limitation or delineation of the issues by stipulation, pretrial conference, or otherwise. Indeed, plaintiff insists that the ITC documents "may contain information important to plaintiff's case". In short, absent an explicit limitation of the issues in this case or a withdrawal by plaintiff of its claims concerning the ITC's determination, and particularly in view of the previous disclosure of the documents to SCM, I fail to see how the documents could now be held irrelevant for purposes of discovery.

SCM also opposes plaintiff's motion on the ground that plaintiff has failed to demonstrate a "specific need" for the documents, citing · *Roses, Inc.* v. *United States*, 1 CIT 116, Slip Op. 81–4 (1981). The Court, in *Roses, Inc.*, observed: "Without evidence of a specific need, there is nothing to weigh against the governmental policy and need to protect the confidentiality of executive communications". It must be stressed that here the Government has not interposed an objection to plaintiff's motion, but has deferred to the discretion of this Court; and further, the documents have heretofore been made available to SCM's outside counsel. SCM's outside counsel has not shown how SCM would

be prejudiced if the documents were now made equally available to plaintiff's outside counsel. Under these circumstances, the rationale of *Roses, Inc.* is simply inapposite. Now that defendant and SCM's outside counsel have access to the documents in question, equity and fundamental fairness require that outside counsel for plaintiff be granted similar access. I conclude, therefore, that SCM's objections are without merit, and plaintiff's motion is granted on the following terms and conditions:

A. Within 15 days from the date of the entry of this order, defendant will serve upon plaintiff's outside counsel, Paul, Weiss, Rifkind, Wharton & Garrison, a copy of the following documents enumerated on List No. 2, Confidential Documents Transmitted to the United States Court of International Trade, constituting part of the administrative record filed with the Court in connection with the Commission's Inv. No. 731–TA–21 (Final): Portable Electric Typewriters from Japan, which documents are deemed confidential for purposes of this order, subject to the terms and conditions set forth in point B below:

(i) Document 19: Prehearing report: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12, March 19, 1980;

(ii) Document 20: Transmittal form entering in the record "Confidential prehearing report to the Commission on Portable Electric Typewriters from Japan." Attachment: Prehearing Report to the Commission and Parties on Preliminary Findings of Fact: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 (Final), Washington, D.C., March 24, 1980;

(iii) Document 28: Transmittal form entering in the record the final Report to the Commission: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 (Final), Washington, D.C., April 14, 1980;

(iv) Document 29: Transmittal form entering into the record— Memorandum, OP2–D–087, 4–9–80, regarding lost sales;

(v) Document 35: Transmittal form entering in the record the following: Report to the Commission: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 (Final), Washington, D.C., April 14, 1980;

(vi) Document 38: Transmittal form entering in the record the Chronological Chart and Pros and Cons (excluding the Chronological Chart and Pros and Cons);

(vii) Document 39: Chronological Chart; and

(viii) Document 41: Transcript of Commission Meeting, April 22, 1980: Briefing (CLOSED SESSION). Portable Electric Typewriters from Japan (Investigation No. 731–TA–12 (Final)).

B. The documents listed in A above are to be made available subject to the following protective terms and conditions:

(1) Outside Counsel for plaintiff shall not disclose the confidential information to anyone other than the immediate office personnel actively assisting in this litigation; and in no event shall outside counsel disclose the confidential information to plaintiff or its in-house counsel or other representatives, agents, or employees;

(2) Outside counsel for plaintiff and such counsel's immediate office personnel shall not disclose or use any of the confidential information for purposes other than this litigation;

(3) Any documents, including briefs and memoranda, which are filed with the Court in this case containing any of the confidential information shall be conspicuously marked as follows:

> "Confidential"—Subject to Protective Order. This contains material filed by (name of party) for the purpose of this litigation only. It is not to be opened other than by the Court, nor are the contents hereof to be displayed or revealed other than to the Court, except by Court Order or by agreement of the parties.

Arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and outside counsel for the parties; copies of all the confidential documents, but with the confidential information deleted, shall be filed with the Court at the same time that the documents containing the confidential information are filed;

(4) Any briefs or memoranda containing confidential information shall be served by or upon all parties in a wrapper conspicuously marked on the front; "Confidential—to be opened only by (the names of the attorneys handling the case)," and shall be accompanied by a separate copy from which all the confidential information has been deleted;

(5) If it should become necessary to introduce in evidence any documents containing the confidential information, counsel for the respective parties may propose whatever mechanism may be available and appropriate to limit publication of the documents to an extent no wider than is necessary for purposes of this litigation;

(6) Upon conclusion of this litigation, counsel for plaintiff shall return all documents containing confidential information to counsel for the defendant United States, and any copies made of such documents, including any documents or copies help by persons authorized under this order to have access thereto, except for copies which contain work notes of counsel for plaintiff (or authorized personnel) which shall be destroyed.